IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 3:22-cv-240 |
| v. | ) |
| PROEUN PHON, SAROEUN PHON, KHOUCH KIM, DANE COUNTY, WISCONSIN, WISCONSIN DEPARTMENT OF REVENUE, WISCONSIN DEPARTMENT OF WORKFORCE DEVELOPMENT, CITY OF MADISON, WISCONSIN, and ALLY FINANCIAL, INC., | ) |
| Defendants. | ) |

**ORDER FOR DEFAULT JUDGMENT**

The court held telephonic and in-person hearings on the United States' Motion for Default Judgment (ECF No. 26) on November 1, 2023, at which plaintiff appeared by Assistant Attorney General Bardy Granger and defendant Proeun Phon appeared *pro se*. No other defendants appeared. In accordance with the decision rendered by the court at that hearing, it is hereby ORDERED that default judgment is entered on this case as follows:

1. Judgment in the amount of $270.72 shall be entered in favor of the United States and against defendant Proeun Phon on Count I of the Complaint (ECF No. 1) (regarding his unpaid federal income tax liability for tax year 2015) plus interest and other statutory additions that have accrued since September 26, 2023, and will continue to accrue as a matter of law;

2. Judgment in the amount of $378,325.15 shall be entered in favor of the United States and against defendant Proeun Phon on Count II of the Complaint (ECF No. 1) (regarding

1

his unpaid 26 U.S.C. § 6672 trust fund recovery penalty liabilities in connection with the failure of Sunny Medical Ride LLC to pay over to the United States the income, Social Security and Medicare taxes withheld from the wages of that entity's employees for certain quarterly tax periods ending between September 30, 2013, and June 30, 2017) plus interest and other statutory additions that have accrued since September 26, 2023, and will continue to accrue as a matter of law; and

3. Judgment on Count III of the Complaint (ECF No. 1) shall be entered in favor of the United States and against defendants Proeun Phon, Saroeun Phon, Khouch Kim, and Ally Financial, Inc, as follows:

(a) By reason of the federal income tax and 26 U.S.C. § 6672 trust fund recovery penalty assessments referred to above and in the United States' Complaint, and by virtue of notices of those assessments and demands for payment, and Proeun Phon's failure to pay the assessments, federal tax liens arose as of the dates of each assessment (in the amount of each assessment) plus all additions accruing thereon under law and attached to all of Proeun Phon's property and rights to property. *See* 26 U.S.C. §§ 6321, 6322;

(b) The United States has valid and subsisting federal tax liens that attached to all of Proeun Phon's property and rights to property, including certain real property located at 4610 Commercial Avenue, Madison, Wisconsin 53714 (the "Property"), as of the dates of the federal income tax and 26 U.S.C. § 6672 trust fund recovery penalty and related assessments described in the United States' Complaint and referred to above;

(c) The United States' federal tax liens associated with the federal income tax and 26 U.S.C. § 6672 trust fund recovery penalty and related assessments referred to above

and in the United States' Complaint attached to Proeun Phon's interest in the Property as of the dates of the assessments;

(d) The purported conveyance of an undivided one-half interest in the Property from Proeun Phon to defendant Saroeun Phon was a fraudulent transfer within the meaning of Wis. Stat. Ann. § 242.04, and shall be set aside;

(e) Defendant Saroeun Phon failed to establish any interest in the property, and as a result, the Property may be sold free and clear of all liens, claims, and interest that Saroeun Phon may have had;

(f) Defendant Khouch Kim failed to establish any interest in the Property, and as a result, the Property may be sold free and clear of all liens, claims, and interests that Khouch Kim may have had;

(g) Defendant Ally Financial, Inc. failed to establish any interest in the Property, and as a result, the Property may be sold free and clear of all liens, claims and interests that Ally Financial, Inc., may have had;

(h) The United States' federal tax liens associated with the federal income tax and 26 U.S.C. § 6672 trust fund recovery penalty and related assessments made against defendant Proeun Phon that are referred to above and in the United States' Complaint are enforced against the Property, and the Property shall be sold in a judicial sale according to law, free and clear of any right, title, lien, claims, or interest of any other lien holders; and

(i) The proceeds of the sale referred to above in paragraph 3(h) shall be distributed according to the Stipulation as to Lien Priority between the United States and Defendants Dane County Wisconsin, Wisconsin Department of Revenue

("WIDOR"), Wisconsin Department of Workforce Development ("WIDWD"), and City of Madison, Wisconsin, filed with this Court on September 23, 2022 (ECF No. 23) as follows:

(1) First, to the United States for the expenses that it incurs in selling the Commercial Avenue Property;

(2) Second, to Dane County for unpaid county real property taxes regarding the Commercial Avenue Property, plus any accruing costs and interest;

(3) Third, to City of Madison for unpaid city real property taxes and utility charges regarding the Commercial Avenue Property, plus any accruing costs and interest;

(4) Fourth, to the United States for Proeun Phon's unpaid 26 U.S.C. § 6672 trust fund recovery penalty ("TFRP") liabilities for the quarterly tax periods ending September 30, 2013, through December 31, 2014 (as described in paragraph 40 of the complaint, ECF No. 1), plus any accruing interest;

(5) Fifth, to WIDWD for unpaid state worker's compensation penalty assessments associated with Case No. 2018WC201, Warrant No. 6417991-001, plus any accruing interest;

(6) Sixth, to the United States for Proeun Phon's unpaid federal income tax liabilities for tax year 2015 (as described in paragraph 18 of the complaint, ECF No. 1), plus any accruing interest;

(7) Seventh, to the United States and WIDOR, on a dollar-for-dollar basis (until WIDOR's lesser balance is paid in full), for:

(i) Proeun Phon's unpaid TFRP liabilities for the quarterly tax periods ending March 31, 2016; and December 31, 2016, through June 30, 2017 (as described in paragraph 40 of the complaint, ECF No. 1), plus any accruing interest; and

(ii) Proeun Phon's unpaid state withholding tax liabilities assessed on April 9, 2018, associated with Warrant No. 20TW001725 (as described in paragraph 3 of WIDOR's answer, ECF No. 13), plus any accruing interest;

(8) Eighth, to the United States for the remaining balance of the liabilities described in paragraph 3(I)(7)(i), above;

(9) Ninth, to WIDOR for Proeun Phon's unpaid state withholding tax liabilities assessed on May 10, 2018; June 7, 2018; July 10, 2018; August 9, 2018; September 7, 2018; October 11, 2018; and November 9, 2018, associated with Warrant No. 20TW001725 (as described in paragraph 3 of WIDOR's answer, ECF No. 13), plus any accruing interest;

(10) Tenth, to WIDWD for unpaid state unemployment insurance tax assessments associated with Case No. 2019UC33, Warrant No. 201900280, plus any accruing interest;

(11) Eleventh, to WIDOR for Proeun Phon's unpaid state withholding tax liabilities assessed on March 21, 2019, associated with Warrant No. 20TW001725 (as described in paragraph 3 of WIDOR's answer, ECF No. 13), plus any accruing interest;

(12) <u>Twelfth</u>, to WIDWD for unpaid state worker's compensation penalty assessments associated with Case No. 2019WC183, Warrant No. 6417991003, plus any accruing interest;

(13) <u>Thirteenth</u>, to WIDWD for unpaid state unemployment insurance tax assessments associated with Case No. 2019UC331, Warrant No. 201902800, plus any accruing interest; and

(14) <u>Fourteenth</u>, any remainder to Proeun Phon.

4. The Clerk of the Court is directed to enter judgment in accordance with this order.

Entered this 1st day of November, 2023.

BY THE COURT:

WILLIAM M. CONLEY
District Judge